UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAAC YOUNGBLOOD, | ) | No. CV 19-624 VAP (FFM) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE |
| v. | ) ) | DISMISSED AS UNTIMELY |
| JILL PERSIPP, | ) ) | |
| Respondent. | ) ) | |

On January 12, 2019, petitioner Isaac Youngblood ("Petitioner"), a California prisoner, constructively[1] filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), pursuant to 28 U.S.C. § 2254, in the Central District of California. (Docket No. 1.) This Court dismissed with leave to amend the Petition (Docket No. 1) and First Amended Petition for failure to name Petitioner's custodian as a respondent. (Docket Nos. 3, 6.) The Second

---

[1] A pro se petitioner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266 (1988). There is no Certificate of Service attached to the Petition, but the Declaration in Support of Request to Proceed *In Forma Pauperis* is dated January 12, 2019. The Court assumes for purposes of the mailbox rule that Petitioner presented the filing to prison authorities on that date.

Amended Petition challenges Petitioner's 1988 conviction in the Superior Court of Los Angeles County.

1. **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996, effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), ub. L. No. 104–132, 110 Stat. 1214 (1996). Accordingly, AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245–47 (9th Cir. 2001). For prisoners whose convictions became final *pre*-AEDPA, the one year limitations period is deemed to commence on April 25, 1996, the day after AEDPA's enactment date, and to expire one year later on April 24, 1997. *See, e.g., Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1058-59 (9th Cir. 2007).

Where, as here, a petitioner declines to seek direct appeal of his conviction, his conviction becomes final when the period for seeking direct review expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012). Here, Petitioner was convicted on July 21, 1988. (Docket No. 7, p. 2.) Petitioner admits that he did not file a timely appeal with the California Court of Appeal or seek a timely review by the California Supreme Court. (Docket No. 7, pp. 2-3.) Therefore, Petitioner's conviction became final on September 19, 1988, sixty days after the date of conviction. *See* Cal. R. Ct. 8.308(a) (notice of appeal must be filed "within sixty days after the rendition of the judgment or the making of the order being appealed"). Because Petitioner's conviction became final prior to the enactment of the AEDPA, the one year limitations period commenced on April 25, 1996 and expired on April 24, 1997. *See Bryant*, 499 F.3d at 1058-59. Because the Petition was not filed until January 12, 2019, it is untimely, absent

statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1); *Bell v. Barnes*, 2013 WL 5548621, at *4 (C.D. Cal. Oct. 4, 2013) (citations omitted) (finding that petition filed one day late is untimely).

2. **STATUTORY TOLLING**

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner admits that he did not file any state habeas petitions with respect to the conviction at issue. (Docket No. 7, p. 3.) Therefore, Petitioner is not entitled to statutory tolling.

3. **EQUITABLE TOLLING**

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible and the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Petitioner has demonstrated neither that any extraordinary circumstances prevented him from filing a timely petition nor that he diligently pursued his right to file. Accordingly, Petitioner has not shown that he is entitled to equitable tolling.

4. **ORDER TO SHOW CAUSE**

Under the allegations and facts of the Petition, Petitioner has not demonstrated that he is entitled to a later start date of the limitations period. Therefore, and because the Petition does not demonstrate any basis for equitable tolling, or for setting aside the one-year limitation, the Court orders Petitioner to

show cause in writing within thirty (30) days of the date of this order why the Petition should not be dismissed as time-barred. If Petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed, with prejudice, as time-barred.

IT IS SO ORDERED.

DATE: April 10, 2019

    /S/ FREDERICK F. MUMM
    FREDERICK F. MUMM
    United States Magistrate Judge